## Osborne v. Watson.

(Decided December 14, 1926.)

### Appeal from Webster Circuit Court.

1. Adverse Possession—Evidence Held Insufficient to Show Title by Adverse Possession to Strip of Land Along Disputed Boundary.— Evidence held insufficient to show title by adverse possession to strip of land involved in boundary dispute.

2. Adverse Possession—On Settlement Under Junior Patent Before Settlement Under Senior Patent, Possession is Coextensive with Bounds of Junior Patent and Not Affected by Entry Under Senior Patent Unless Made Within Overlap.—On a settlement under a junior patent, where there has been no settlement under the senior patent, the possession is coextensive with the bounds of the patent under which it is taken, and such possession will not be interrupted by a subsequent entry under the senior patent, unless such entry is within the lap of the two patents.

3. Adverse Possession—Claimant of Title by Adverse Possession has Burden of Proof.—Claimant of strip of land along disputed boundary has burden of proof of title by adverse possession.

4. Appeal and Error—Where Findings of Law and Facts by Court are Not Separated, Judgment will Not be Disturbed Unless Palpably Against Evidence.—Where the law and the facts are submitted to the circuit court and there is no separation of the court's findings of law and facts, judgment will be treated as a verdict of

a properly instructed jury, and will not be disturbed unless palpably against the evidence.

C. W. BENNETT for appellant.

BLACKWEWLL & LISMAN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Appellant and appellee own adjoining tracts of land in Webster county. Appellant brought this action against appellee charging, in substance, that he had fenced up about three acres of appellant's land and praying damages for the trespass. The defendant controverted the allegations of the petition. By consent of the parties the law and facts were submitted to the circuit court, who entered judgment in favor of the defendant. The plaintiff appeals.

The thing in controversy is the location of a line through woodland. Neither party showed title from the commonwealth. If appellant's deed is run out according to the course called for from the corner, which is undisputed, it does not include the land in controversy, but his chief complaint on the appeal is that he showed title by adverse possession. In Jones v. McCauley, 2 Duvall 14, the rule as to adverse possession was thus stated:

"A settlement under the elder patent, even outside of the lap, extended the constructive possession over the entire lap, unless there was then an actual possession of it under the junior grant, or unless the entry or occupancy under the elder patent was not intended to interfere with the lap; and so, also, occupancy under a junior grant may, constructively, extend the possession over an adjoining tract, owned and used by the occupant; but, to be allowed to have this effect, there must be no adverse possession, either actual or constructive.

"There can be no constructive possession of the same land by conflicting claimants. In the absence of any actual possession, if there be any constructive possession it must necessarily be in the holder of the best title, unless he had renounced it. And his constructive possession can never be ousted by any constructive possession claimed under the inferior title;

nothing short of a renunciation or actual disseisin can evict him.''

That opinion followed a long line of previous opinions and it has since been followed in many cases. The plaintiff did not show that his settlement was made under the older patent. He did not show that the possession was vacant when the settlement under his claim was made. The rule is that on a settlement under a junior patent where there has been no settlement under the senior patent the possession is coextensive with the bounds of the patent under which it is taken and that such possession will not be interrupted by a subsequent entry under the senior patent unless such entry is made within the lap. The burden of proof in a case like this is upon the plaintiff. He did not show that the entry under his claim was made before the entry under which the defendant claims or that the title under which he claims was superior to the title under which the defendant claims. The land in controversy is in woods. Only about five acres of plaintiff's tract is cleared. The plaintiff did not show that he lived on this land or that his possession of it had been continuous for fifteen years by having a tenant on it or otherwise. He did show that there were, at one time, some marked trees on the line he claimed, but the mere marking of a line does not give possession against the true owner, although the land is claimed up to this line thereafter, unless the possession of the other tract is vacant when the plaintiff's possession is so taken, for there cannot be two possessions at the same time of the same land, and the possession of the true owner who had already settled on his land would not be interrupted by someone marking a line across his land.

The rule is well settled that where the law and facts are submitted to the circuit court and there is no separation of the court's findings of law and the facts, the judgment will be treated as the verdict of a properly instructed jury and will not be disturbed unless it is palpably against the evidence. C. & O. R. R. Co. v. Williams, 156 Ky. 114. Under this rule the finding of the circuit court here cannot be disturbed.

Judgment affirmed.